UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Judge David A. Katz |
| Plaintiff, | ) | |
| | ) | Criminal No. 3:06CR722 |
| v. | ) | |
| | ) | ORDER |
| Charles E. Bailey, et al, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the application of the United States of America, pursuant to Criminal Rule of Procedure 16(d)(1), for a Protective Order to restrict the access of the Defendants herein to certain discovery materials.

The Court finds and Orders as follows:

(1) There is reasonable cause to believe, based upon information believed to be reliable, that the dissemination of certain discovery, including Jencks Act materials, may jeopardize the safety of witnesses herein and impede the due administration of justice. The Government has presented information indicating that cooperating witness interview reports previously copied and turned over to the defense in numerous other cases, have been regularly copied and disseminated throughout the community. In the case of United States v. Castile, et al., witness

identities and interview reports were published on the internet. In the case of United States v. Garcia, et al., the government has indicated that when defendant Alejandro Garcia was arrested at his residence, he was found to be in possession of numerous witness interview reports from United States v. Gonzalez, et al., another narcotics conspiracy case. These materials had been turned over by the government well prior to trial, notwithstanding the provisions of Rule 26.2, Federal Rules of Criminal Procedure, which require that so-called Jenks materials need not be disclosed until after the direct testimony of the witness.

(2) There is reasonable cause to believe that the restriction of certain discovery information, including Jencks Acts materials, under the terms set forth in this Order, will ensure the safety of witnesses and serve the ends of justice, while protecting the rights of the Defendants herein to disclosure of evidence under Criminal Rule of Procedure 16(a) and to adequately assist counsel in the preparation of a defense.

(3) It is Ordered that counsel for the government clearly identify to defense counsel those discovery materials that it deems in need of protection. Such materials shall be clearly marked, "Restricted Access."

(4) It is further Ordered that items marked "Restricted Access" which are disclosed to each defendant's counsel, must be maintained in a secure location in counsel's offices. Counsel for the defendant may not photocopy, photograph or make any other facsimile, electronic or otherwise, of the "Restricted Access" discovery items. Counsel is further ordered not to remove "Restricted Access" materials from their respective offices except to review said materials with clients in custody, or for use in court hearings. Counsel is further ordered to handle said materials in such a manner that no person shall photocopy, photograph or make any other

facsimile, electronic or otherwise, of the "Restricted Access" discovery or remove "Restricted Access" discovery from counsel's office or any other authorized location.

(5) It is further Ordered that counsel for each Defendant herein, including representatives, agents and staff of counsel, are prohibited from providing access to "Restricted Access" discovery to any Defendant, representative, or agent of any Defendant or to any person that is not directly associated with the legal representation of the Defendant, except under the terms set forth in this Order.

(6) It is further Ordered that counsel for each Defendant herein is personally responsible for ensuring that "Restricted Access" discovery is not disseminated in a manner in violation of this Order.

______________________________
David A. Katz
United States District Judge

Dated: ________________________